[ORAL ARGUMENT NOT YET SCHEDULED]

No. 23-7020

═══════════════════════════════════════

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

────────────────────────────

LARRY ELLIOTT KLAYMAN,

*Plaintiff-Appellant,*

- *v.* -

MATTHEW G. KAISER; JULIA PORTER; HAMILTON P. FOX, III;
LAWRENCE BLOOM; JOHN DOES 1-5,

*Defendants-Appellees.*

────────────────────────────

On Appeal from the United States District Court for the
District of Columbia, Case No. 1:21-CV-00727-ABJ

═══════════════════════════════════════

**RESPONSE BRIEF FOR DEFENDANTS-APPELLEES**

═══════════════════════════════════════

<div style="display:flex">

Preston Burton
Jackson Hagen
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
2001 M Street, NW, Suite 500
Washington, DC 20036
(202) 349-8000

Mark J. MacDougall
Caroline L. Wolverton
Lide E. Paterno
AKIN GUMP STRAUSS HAUER &
  FELD LLP
2001 K Street NW
Washington, D.C. 20006
(202) 887-4000
mmacdougall@akingump.com

*Counsel for Defendant-Appellee*
*Matthew Kaiser*

*Counsel for Defendants-Appellees*
*Julia Porter, Hamilton P. Fox, III,*
*and Lawrence Bloom*

</div>

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

**A.    Parties and Amici.**

The parties that appeared in the district court and that are appearing in this Court are listed herein.

- Larry Elliott Klayman, Plaintiff-Appellant

- Matthew G. Kaiser, Defendant-Appellee

- Julia Porter, Defendant-Appellee

- Hamilton P. Fox, III, Defendant-Appellee

- Lawrence K. Bloom, Defendant-Appellee

- John Does 1-5, Defendants-Appellees

**B.    Rulings Under Review.**

Appellant seeks review of the January 23, 2023 Order Dismissing the Case issued by the Honorable Amy Berman Jackson in the U.S. District Court for the District of Columbia No. 1:21-cv-00727-ABJ.

**C.    Related Cases.**

Plaintiff-Appellant filed pending appeal No. 22-7123 against Defendants-Appellees in this Court. Plaintiff-Appellant filed a previous appeal in that case (No. 22-7094), which was dismissed as moot. Those

appeals arise out of consolidated cases in the District Court of the District of Columbia, Case Nos. 1:20-cv-3109, 1:20-cv-3579, and 1:21-cv-965.

A second appeal in this Court, No. 23-7034, is based on the same disciplinary proceedings. That appeal is from *Klayman v. Porter*, Case No. 1:22-cv-953-RBW (D.D.C.).

In addition, other related cases in the District Court of the District of Columbia that also arise out of Klayman's D.C. disciplinary proceedings are *Klayman v. Fox*, Case No. 1:18-cv-1579, and *Klayman v. Lim*, Case No. 1:18-cv-2209, which were appealed to this Court as Nos. 19-7099 and 19-7100. This Court affirmed the district court's dismissal of *Fox* and *Lim* in *Klayman v. Lim*, 830 F. App'x 660 (D.C. Cir. 2020) (unpub.).

Counsel is unaware of any other related cases in this Court and the district court.

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ...................................................................................... i

TABLE OF AUTHORITIES ...................................................... v

GLOSSARY ........................................................................... viii

JURISDICTIONAL STATEMENT .......................................... 1

STATEMENT OF ISSUES ...................................................... 1

STATUTES AND REGULATIONS ......................................... 1

INTRODUCTION ................................................................... 2

STATEMENT OF THE CASE ................................................. 3

      A.    Factual Background ............................................ 3

      B.    Procedural History ............................................. 8

SUMMARY OF ARGUMENT .............................................. 10

STANDARD OF REVIEW .................................................... 11

ARGUMENT ........................................................................ 12

    I.    THE DISTRICT COURT'S DISMISSAL OF THIS MATTER WAS PROPER. ................................... 12

      A.    Defendants Are Absolutely Immune From Suit ......... 12

      B.    Klayman's Challenges To The District Court's Dismissal Are Unavailing. ........................................ 16

          1.    *The district court did not give Porter res judicata effect.* .................................................. 16

          2.    *The district court's findings are independently supported by the pleadings.* ......... 17

3.     *In any event, the district court would not have erred if it had looked beyond the pleadings in dismissing this matter on jurisdictional grounds.* ........................................................... 19

II.    THE COURT CAN AFFIRM THIS DISMISSAL ON ALTERNATE GROUNDS. .................................. 21

     A.    The Challenged Statements Cannot Constitute Defamation. ................................................. 21

         1.    *The statements were made in the course of judicial proceedings.* ................................ 21

         2.    *The challenged statements are protected by the fair report privilege.* .......................... 22

     B.    Klayman does not allege adequate facts to support his claims. ....................................... 24

CONCLUSION ......................................................... 28

ADDENDUM

District of Columbia Bar Rule XI, Disciplinary Proceedings
     § 6(a) ............................................................. Add. 1
     § 19(a) ........................................................... Add. 3

iv

# TABLE OF AUTHORITIES

### Cases:

*Armstrong v. Thompson,*
  80 A.3d 177 (D.C. 2013) ....................................................... 25

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................ 24

*Citizens for Resp. & Ethics in Wash. v. Office of Admin.,*
  566 F.3d 219 (D.C. Cir. 2009) ............................................... 21

*EEOC v. St. Francis Parochial Sch.,*
  117 F.3d 621 (D.C. Cir. 1997) ............................................... 19

*Ford v. Tait,*
  163 F. Supp. 2d 57 (D.D.C. 2001) ......................................... 13

*In re Klayman,*
  228 A.3d 713 (D.C. 2020) ............................................... 5, 26

*J. H. Marshall & Assocs. v. Burleson,*
  313 A.2d 587 (D.C. 1973) .................................................... 13

*Jam v. International Fin. Corp.,*
  3 F.4th 405 (D.C. Cir. 2021) ................................................ 19

*Jankovic v. International Crisis Grp.,*
  494 F.3d 1080 (D.C. Cir. 2007) ............................................. 24

*Jerome Stevens Pharma., Inc. v. Food & Drug Admin.,*
  402 F.3d 1249 (D.C. Cir. 2005) ............................................. 20

*Kendrick v. Fox Television,*
  659 A.2d 814 (D.C. 1995) .................................................... 25

*Klayman v. Fox,*
  No. 18-cv-1579 (RDM), 2019 WL 2396538 (D.D.C. June 5,
  2019) ................................................................ 4, 15, 22

*Klayman v. Judicial Watch, Inc.*,
   628 F. Supp. 2d 112 (D.D.C. 2009) ....................................................25

*Klayman v. Lim*,
   No. 18-cv-2209 (RDM), 2019 WL 2396539 (D.D.C. June 5,
   2019)....................................................................................................... 4
   830 F. App'x 660 (D.C. Cir. 2020)........................2, 5, 10, 11, 12, 14, 15

*Klayman v. Porter*,
   No. 1:20-cv-03109-RBW, 2022 WL 3715775 (D.D.C. Aug.
   29, 2022).....................................................4, 6, 9, 10, 14, 16, 17, 19

*Klayman v. Porter*,
   No. 22-80642-CIV, 2022 WL 4229383 (S.D. Fla. Aug. 8,
   2022)........................................................................................................ 7
   No. 22-13025, 2023 WL 2261814 (11th Cir. Feb. 28, 2023) ................ 7

*Mattiaccio v. DHA Grp.*, Inc.,
   908 F. Supp. 2d 136 (D.D.C. 2012) ....................................................27

*Richardson v. District of Columbia*,
   711 F. Supp. 2d 115 (D.D.C. 2010) ....................................................12
   No. 11-7114, 2012 WL 1155776 (D.C. Cir. Mar. 2, 2012) .................12

*Rodriguez v. Shulman*,
   844 F. Supp. 2d 1 (D.D.C. 2012) ........................................................14

*Scolaro v. District Of Columbia Bd. Of Elections & Ethics*,
   104 F. Supp. 2d 18 (D.C. Cir. 2000)....................................................19

*Shipkovitz v. The Wash. Post Co.*,
   571 F. Supp. 2d 178 (D.D.C. 2008) ....................................................23
   408 F. App'x 376 (D.C. Cir. 2010) ......................................................23

*Simons v. Bellinger*,
   643 F.2d 774 (D.C. Cir. 1980) ........................................... 13, 14, 15, 22

*Tavoulareas v. Piro*,
   759 F.2d 90 (D.C. Cir. 1985 ................................................................26
   763 F.2d 1472 (D.C. Cir. 1985) ..........................................................26
   817 F.2d 762 (D.C. Cir. 1987) ............................................................26

*United States v. Hurt*,
 543 F.2d 162 (D.C. Cir. 1976) ............................................................... 22

*White v. Fraternal Order of Police*,
 909 F.2d 512 (D.C. Cir. 1990) ............................................................... 23

*Zimmerman v. Al Jazeera Am., LLC*,
 246 F. Supp. 3d 257 (D.D.C. 2017) ...................................................... 26

STATUTES:

28 U.S.C.
 § 1291 ........................................................................................................ 1
 § 1332 ........................................................................................................ 1

D.C. CODE
 § 11-2501(a) .............................................................................................. 13

OTHER AUTHORITIES:

D.C. Bar, Board on Pro. Resp. (last visited Aug. 9, 2023) ........................ 4

D.C. Bar, Rule XI, Disciplinary Proceedings (last visited
 Aug. 9, 2023)
 XI ............................................................................................... 9, 14, 17
 § 6(a)(4) ......................................................................................... 9, 16
 § 19(a) ................................................................................................ 12

FED. R. CIV. P.
 12(b)(6) .................................................................................................... 24
 12(b)(1) ............................................................................................ 19, 21

Gerstein, Josh, *A Conservative Legal Gadfly Faces the Music*,
 POLITICO (Sept. 16, 2020) .................................................................... 18

RESTATEMENT (SECOND) OF TORTS § 611, cmt. D (1977) ......................... 23

# GLOSSARY

ODC:       D.C. Office of Disciplinary Counsel

Board:     D.C. Board on Professional Responsibility

## JURISDICTIONAL STATEMENT

The district court had jurisdiction pursuant to 28 U.S.C. § 1332. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

I.     Whether the district court properly dismissed the complaint against D.C. Office of Disciplinary Counsel and D.C. Board on Professional Responsibility officials, given that these quasi-judicial officials are absolutely immune from claims for damages arising out of acts taken in the course of their official duties.

II.    Whether, alternatively, the complaint should be dismissed on independent grounds the district court did not reach, including that:

A.     Defendants' alleged statements, made in the course of official proceedings, cannot constitute defamation as a matter of law; and

B.     The complaint otherwise fails to state a claim upon which relief may be granted.

## STATUTES AND REGULATIONS

Relevant provisions of the District of Columbia rules appear in the Addendum to this brief.

1

**INTRODUCTION**

This is Plaintiff-Appellant Larry Klayman's third appeal currently pending in this Court. As in the other two appeals, the Court has already decided the dispositive legal issue presented: "D.C. officials charged with disciplining individuals engaged in the unauthorized practice of law are entitled to the protection of absolute immunity" from Klayman's lawsuits for damages arising from their exercise of official duties. *Klayman v. Lim*, 830 F. App'x 660 (D.C. Cir. 2020) ("*Klayman III*").

Since this Court first affirmed the dismissal of lawsuits brought by Klayman seeking to collaterally attack attorney-disciplinary proceedings, his harassing litigation against D.C. Office of Disciplinary Counsel ("ODC") and D.C. Board on Professional Responsibility ("Board") officials has continued unabated. In this case, Klayman attempts to frame Defendants' alleged actions as exceeding the scope of their official duties through defamation claims based on statements that appeared in a media article concerning his disciplinary record. But the district court correctly applied this Court's precedent in holding that the statements made in the course of the public disciplinary proceedings fall squarely

within the exercise of Defendants' official duties. Defendants are immune from Klayman's damages claims.

Unable to overcome that straightforward analysis, Klayman resorts to procedural complaints about the district court's opinion. Neither withstands scrutiny. Klayman attacks the purported application of *res judicata*—but the district court itself made clear that it independently arrived at the same conclusion reached in a prior (persuasive) decision upholding Defendants' immunity. And while Klayman faults the district court for looking beyond the pleadings, the article the court discussed is incorporated by repeated reference in—and, in fact, it is central to—the complaint.

This Court should affirm the district court's judgment.

## STATEMENT OF THE CASE

### A.    Factual Background

Larry Klayman is an attorney who has been and currently is subject to D.C. disciplinary proceedings for professional misconduct. What began as a disciplinary process by ODC to investigate and sanction Klayman's misconduct has transformed into a saga of "frivolous or harassing" litigation by Klayman against Defendants, former and current ODC and

Board officials.[1] *Klayman v. Porter*, No. 1:20-cv-03109-RBW, 2022 WL 3715775, at *9 (D.D.C. Aug. 29, 2022).

Klayman filed his first two lawsuits against Defendants (and other ODC-related Defendants) in the U.S. District Court for the District of Columbia, alleging, *inter alia*, that Defendants "conspir[ed] to disbar him or to force him to resign from the D.C. Bar (1) because they disagree with his 'political beliefs [and] public interest activism' and hope to silence him and (2) because of his gender." *Klayman v. Fox*, No. 18-cv-1579 (RDM), 2019 WL 2396538, at *1 (D.D.C. June 5, 2019) ("*Klayman I*") (second alteration in original); *Klayman v. Lim*, No. 18-cv-2209 (RDM), 2019 WL 2396539 (D.D.C. June 5, 2019) ("*Klayman II*"). The district court decided against Klayman in both decisions, and he appealed. This Court affirmed the dismissal of both actions in a single *per curiam* order, finding that (i) Klayman's damages claims were barred because Defendants were entitled to absolute immunity and (ii) Klayman's claims for injunctive

---

[1] Defendant Matthew Kaiser no longer serves as the Chair or as a member of the Board, as his term expired on July 31, 2022. *See* Board on Professional Responsibility, DC Bar, www.dcbar.org/Attorney-Discipline/Board-on-Professional-Responsibility/Board (last visited Aug. 9, 2023); *see also* Order at 4, n.4, *Klayman v. Kaiser*, No. 21-cv-0727 (D.D.C. Jan. 23, 2023), ECF No. 19.

relief were precluded under *Younger* abstention as the subjects of ongoing state disciplinary proceedings. *Klayman III*, 830 F. App'x 660 (D.C. Cir. 2020). Having struck out in this Court, Klayman then filed a suit alleging substantially similar claims in D.C. Superior Court, only to have his claims again dismissed. *See Klayman v. Porter*, No. 2020 CA 000756 B (D.C. Super. Ct. Oct. 1, 2020) ("*Klayman IV*") (dismissing on absolute immunity grounds and for failure to state a claim).

On June 11, 2020, the D.C. Court of Appeals ordered a 90-day suspension of Klayman's license to practice law in the District of Columbia, accepting the findings of the Board that Klayman violated the conflict-of-interest provisions of D.C. Rule of Professional Conduct 1.9. *In re Klayman*, 228 A.3d 713, 720 (D.C. 2020). The ODC sent notices of this (already-public) suspension order to other jurisdictions in which Klayman was admitted to practice law.

Klayman immediately filed three suits against Defendants in various federal courts in Texas and California, alleging the same claims as he had in the past, this time styled as responding to the notices of suspension. *See* Compl., *Klayman v. Porter*, C.A. No. 3:20-cv-02526-M (N.D. Tex. Aug. 26, 2020) ("*Klayman V*"), ECF No. 1-7; Compl., *Klayman*

*v. Porter*, C.A. No. 1:20-cv-1014 (W.D. Tex. Oct. 2, 2020) ("*Klayman VI*"), ECF No. 1-8; Compl., *Klayman v. Kaiser*, C.A. No. 20-cv-09490 (N.D. Cal. Dec. 31, 2020) ("*Klayman VII*"), ECF No. 1-6.  Each court eventually transferred its case to the U.S. District Court for the District of Columbia,[2] and that court consolidated the cases.  On August 29, 2022, the district court (1) enjoined Klayman from, as explained in an accompanying opinion, "filing any new actions against, or serving any additional subpoenas on, the defendants, without first making application to and receiving the consent of [the U.S. District Court for the District of Columbia] or any other court where additional litigation is proposed to be filed" and (2) granted Defendants' motion to dismiss. *Porter,* 2022 WL 3715775, at *9 (alterations omitted).  Klayman's appeal of that order is currently pending before this Court as No. 22-7123.

On January 6, 2022, while the consolidated cases were pending before the district court, Klayman also filed suit in the Fifteenth Judicial Circuit of Florida.  Klayman repeated his previous claims, this time with respect to alleged communications sent by Defendants to the Florida Bar

---

[2] The U.S. District Court for the District of Columbia initially assigned the three cases numbers 1:20-cv-3579, 1:20-cv-3109, and 1:21-cv-00965, respectively.

regarding the (public) D.C. disciplinary action. That matter was transferred to the U.S. District Court for the District of Columbia and ultimately dismissed on absolute immunity and Younger abstention grounds. Klayman's appeal of that order is currently pending in this Court as appeal No. 23-7034.[3]

Amidst Klayman's barrage of litigation, Defendants have continued to perform their official duties, including investigating and prosecuting disciplinary matters involving Klayman. In September 2020, Politico magazine published an article [the "Gerstein Article"] discussing "the series of ethics cases [Klayman] faces." Compl. ¶ 18. In that article, reporter Josh Gerstein quoted Defendant Julia Porter's statements at a public disciplinary hearing and summarized the allegations against Mr. Klayman. *Id.*

---

[3] In addition to the cases pending in this Court, last year the Southern District of Florida dismissed another case Klayman filed against the same Defendants. *Klayman v. Porter*, No. 22-80642-CIV, 2022 WL 4229383 (S.D. Fla. Aug. 8, 2022). The Eleventh Circuit upheld that decision. *Klayman v. Porter*, No. 22-13025, 2023 WL 2261814 (11th Cir. Feb. 28, 2023). Klayman has also filed an additional lawsuit in D.C. Superior Court. *See Klayman v. Sataki*, No. 2022-CAB-005235 (D.C. Super. Ct. Nov. 4, 2022).

### B.    Procedural History

Klayman filed this suit on March 19, 2021, claiming that the Gerstein Article constitutes defamation, defamation per se, and defamation by implication on the part of Defendants.  Klayman alleges "[o]n information and belief" that "the entire Gerstein Article was written at the direction of Defendants," who "put up and collaborated with Gerstein and Politico" to "publish[] false, malicious and defamatory statements [about Klayman]."  Compl. ¶¶ 11, 18-19, 21.  Klayman requested "in excess of $55,000,000.00 for the damages caused to his personal, and professional reputations and good will and well-being in his trades and professions, as well as past and prospective financial losses, personally and professionally."  *Id.* at 23.

Due to the then-presiding judge's recusal, this case was not included in the consolidation of Klayman's other suits against Defendants.  *See* ECF No. 19, at 3 (quoting prior order: "[T]he lack of consolidation was not based on a determination that this case was not sufficiently related to the others to warrant consolidation.").  Disposition of the instant case was stayed pending resolution of motions to dismiss in the consolidated *Porter* cases.  *Id.*  After those motions were granted

on the ground that "the defendants are entitled to absolute immunity from the plaintiff's damages claims," *Porter*, 2022 WL 3715775, at *11, the district court in this case ordered the parties to brief "whether the reasoning in *Porter* applies here and warrants dismissal of this case." ECF No. 19, at 3.

Following briefing, the district court dismissed Klayman's complaint on the ground that Defendants are absolutely immune from the defamation claims. ECF No. 19. Performing an independent analysis of Klayman's allegations, the district court found that the claims "ar[o]se out of defendants' carrying out their official duties under D.C. Bar Rule XI." ECF No. 19, at 5. The court explained that "the complained-of comments in the [Gerstein] [A]rticle were made by [Defendant] Porter on the record during the two-day disciplinary hearing *** in the course of Porter's performance of her official responsibility as Deputy Disciplinary Counsel to 'prosecute all disciplinary proceedings before Hearing Committees, the Board, and the Court.'" *Id.* at 5-6 (citations omitted) (quoting D.C. Bar R. XI, § 6(a)(4)).

Relying on this Court's precedent—which establishes that "D.C. officials charged with disciplining individuals engaged in the

unauthorized practice of law are entitled to the protection of absolute immunity"—the district court held that Defendants' challenged conduct "is exactly the type of official action 'entitled to the protection of absolute immunity.'"  ECF No. 19, at 4, 6. (citing *Klayman III*, 830 F. App'x at 662).

## SUMMARY OF ARGUMENT

**I.**  Klayman's suit was correctly dismissed under a straightforward application of this Court's precedent.

**A.**  Klayman filed claims for damages only, and this Court's on-point precedent confirms that Defendants are quasi-judicial officials entitled to absolute immunity from damages claims when acting in the course of their official duties.  All of the conduct underlying Klayman's complaint surrounds Defendants' adjudication of D.C. Bar disciplinary proceedings against him, falling well within the scope of their official duties.

**B.**  Klayman's procedural challenges to the district court decision do not counsel otherwise.  As the district court stated, it did not conclude that Defendants are absolutely immune by merely giving *res judicata* effect to *Porter*, but rather, through an independent analysis applying

10

persuasive precedent. Moreover, the district court did not impermissibly look outside and "contradict" the pleadings in reaching its decision—the Article at the heart of this case was incorporated in the complaint through repeated reference. In any event, the district court would have been authorized to consider extra-pleading evidence because it was evaluating the basis for its own power to rule on the claims before it.

**II.** Although the Court should affirm on the grounds the district court properly reached, the briefing below supports additional, independent bases for dismissal. First, Defendants are immune from defamation claims because the challenged statements were made in the course of judicial proceedings. The statements are also protected by the fair-report privilege because they are contained in a report about official proceedings. Second, Klayman's conclusory assertions fall far short of stating a facially plausible claim for relief under any of his defamation claims, particularly since he does not allege any non-speculative basis for Defendants' role in the publication of the challenged article.

## STANDARD OF REVIEW

This Court reviews *de novo* an order granting a motion to dismiss. *Klayman III*, 830 F. App'x at 662.

11

## ARGUMENT

## I. THE DISTRICT COURT'S DISMISSAL OF THIS MATTER WAS PROPER.

### A. Defendants Are Absolutely Immune From Suit.

Defendants have absolute immunity from Klayman's claims under the plain language of D.C. Bar Rule XI § 19(a). This Rule states, in relevant part, that "*[m]embers of the Board*, its employees ***, Disciplinary Counsel, and all assistants *and employees of Disciplinary Counsel*, *** *shall be immune* from disciplinary complaint under this rule and *from civil suit for any conduct in the course of their official duties*." D.C. Bar Rule XI § 19(a) (emphases added). This immunity applies to all claims "arising from their official actions of initiating and adjudicating disciplinary charges." *Klayman III*, 830 F. App'x at 662. And official duties of ODC and Board officials extend beyond the actions that take place in the disciplinary hearing itself. *See Richardson v. District of Columbia*, 711 F. Supp. 2d 115, 128 (D.D.C. 2010), *aff'd and remanded in part by*, No. 11-7114, 2012 WL 1155776 (D.C. Cir. Mar. 2, 2012). This Court applied Rule XI § 19(a) to confer immunity on, and bar damages claims against, ODC and Board officials in prior suits by Klayman. *Klayman III*, 830 F. App'x at 662; *see also Klayman IV*, No. 2020 CA

12

000756 B (dismissing claim on absolute immunity grounds and for failure to state a claim).

Klayman argues that the D.C. Bar Rules are invalid as "illegally and unconstitutionally" created by the D.C. Court of Appeals. That contention lacks any basis: "[n]o one denies that a court has an inherent right to make rules governing the practice of law before it." *Simons v. Bellinger*, 643 F.2d 774, 781 (D.C. Cir. 1980) (quoting *J. H. Marshall & Assocs. v. Burleson*, 313 A.2d 587, 591 (D.C. 1973)). Moreover, the D.C. Council, D.C.'s legislative body, specifically authorized "[t]he [D.C.] Court of Appeals *** [to] make such rules as it deems proper respecting the examination, qualification, and admission of persons to membership in its bar, and their censure, suspension, and expulsion." D.C. CODE § 11-2501(a). Pursuant to its "authority over the D.C. Bar," the D.C. Court of Appeals "created the Board of Professional Responsibility," which in turn "appoints the [Disciplinary] Counsel to act as the 'disciplinary arm of the D.C. Courts.'" *Ford v. Tait*, 163 F. Supp. 2d 57, 65 (D.D.C. 2001).

In any event, separate and apart from the D.C. Bar Rules, Defendants are also immune from suit because they are disciplinary officers taking part in quasi-judicial proceedings. *See Simons*, 643 F.2d

13

at 779-782 ("[D]efendant [Bar] Committee members are entitled to the protection of absolute immunity."); *see also Rodriguez v. Shulman*, 844 F. Supp. 2d 1, 12 (D.D.C. 2012) (finding that judicial immunity applied to "the [d]efendants who served on the Virginia State Bar Disciplinary Board and the D.C. Committee on Admissions"). Officials responsible for attorney discipline are particularly well-suited for immunity as "probable targets for harassing lawsuits"; without absolute immunity, service to the Bar may "be transformed from a distinguished achievement in public service into an invitation to become a defendant in costly, time-consuming litigation." *Simons*, 643 F.2d at 782. Indeed, in affirming dismissal of a prior suit by Klayman, this Court already held that D.C. disciplinary proceedings qualify as quasi-judicial proceedings and Defendants qualify as quasi-judicial officers. *Klayman III*, 830 F. App'x at 662 (citing *Simons*, 643 F.2d at 782)).

The district court here correctly applied these principles in holding that "the defendants have 'absolute immunity * * * as officials who act in a quasi-judicial capacity,'" and that they "'are entitled to absolute immunity'" under DC Bar Rule XI. ECF No. 19, at 5 (ellipsis in original) (quoting *Porter*, 2022 WL 3715775 at *10-11). Though Klayman styled

14

his claims this time as an action for defamation, and he uses that framing to argue that Defendants acted outside their official duties, Br. 18, the only acts alleged in his complaint arise directly from attorney disciplinary proceedings.  As the district court observed, all of "the complained-of comments in the [Gerstein] [A]rticle were made by Porter on the record during the two-day disciplinary hearing."  ECF No. 19, at 5 (citing Compl. ¶ 36); *see, e.g.*, Compl. ¶¶ 17-18 (alleging statements in Article attributed to "D.C. Bar officials" were defamatory).  These statements are thus "exactly the type of official action 'entitled to the protection of absolute immunity.'"  ECF No. 19 at 6 (citing *Klayman III*, 830 F. App'x at 662); *see Klayman I*, 2019 WL 2396538, at *11 ("D.C. Bar disciplinary proceedings are judicial proceedings and *** officials who participate in those proceedings are engaged in judicial acts that are entitled to absolute immunity." (citing *Simons*, 643 F.2d at 779-782)).

Beyond these alleged statements, for which Porter is plainly immune, Klayman does not allege any purportedly defamatory statements by any other Defendant.  In fact, Defendant Porter is the only Defendant even alleged to have been present at this hearing, Compl. ¶ 38, where she was carrying out her official duties as Deputy

15

Disciplinary Counsel to "prosecute all disciplinary proceedings before Hearing Committees, the Board, and the Court."  D.C. Bar R. XI, § 6(a)(4).  Klayman has given no reason for this Court to depart from the line of decisions applying absolute immunity to D.C. attorney disciplinary proceedings.

## B. Klayman's Challenges To The District Court's Dismissal Are Unavailing.

Klayman challenges the district court's dismissal on two procedural grounds, neither of which warrants reversal.

### 1. *The district court did not give Porter* res judicata *effect.*

Klayman's first argument—that the district court improperly gave a prior decision, *Porter*, *res judicata* effect—is foreclosed by the district court's express statements and analysis.  In the court's own words, "the Court's ruling here is not simply an application of *res judicata*; it solicited the view of the parties and has *independently determined* that the reasoning set forth in *Porter* was persuasive and governs the instant dispute as well."  ECF No. 19, at 4 n.3 (second emphasis added).

To be sure, the district court rejected Klayman's argument that the difference in underlying conduct at issue in the two cases—sending notices of suspension resulting from disciplinary proceedings to other

16

courts, versus being quoted in an article on ongoing disciplinary proceedings—rendered *Porter*'s analysis of Defendants' immunity irrelevant. The court did so, however, not to give *Porter res judicata* effect, but to determine the applicability of that persuasive precedent. "[T]he claims in both case[s] all arise out of defendants' carrying out their official duties under D.C. Bar Rule XI," the court explained, because "the complained-of comments in the article were made by [Defendant] Porter on the record during [a] two-day disciplinary hearing [against Klayman]." ECF No. 19 at 5. "As such, they were made in the course of Porter's performance of her official responsibility as Deputy Disciplinary Counsel to 'prosecute all disciplinary proceedings before Hearing Committees, the Board, and the Court.'" *Id.* at 6. As in *Porter*—but not strictly because of *Porter*—the district court correctly concluded that such conduct "is exactly the type of official action 'entitled to the protection of absolute immunity.'" *Id.* (citation omitted)

> 2.  *The district court's findings are independently supported by the pleadings.*

Klayman's second argument—that the district court erred in going beyond the pleadings in its dismissal order—rests on an incorrect premise. Klayman contends that the district court exceeded its proper

17

scope of review, and thereby "contradict[ed] the factual allegations of the Complaint," by pointing to the district court's statement that "'the complained of comments in the article were made by [Defendant] Porter on the record during the two-day disciplinary hearing.'" Br. 18 (quoting ECF No. 19 at 5). But this information was provided in the Gerstein Article itself—and a reasonable review of that report makes clear that Gerstein relied on other publicly available material rather than confidential or specially directed information from Defendants. *See* Josh Gerstein, *A Conservative Legal Gadfly Faces the Music*, POLITICO (Sept. 16, 2020), https://www.politico.com/news/2020/09/16/has-larry-klayman-finally-gone-too-far-416353 ("For two contentious days this week, the Judicial Watch founder battled bar ethics charges of 'dishonesty, deceit and misrepresentation'").

As the district court noted, Klayman incorporated the Gerstein Article by (repeated) reference in his complaint. ECF No. 19 at 6, n.5. In fact, the complaint centers on the article's contents, referenced or quoted in at least twenty-five of the complaint's seventy-seven paragraphs. Compl. ¶¶ 10, 11, 17, 18, 28, 29, 30, 31, 32, 35, 36, 39, 41, 42, 43, 45, 46, 47, 48, 50, 52, 54, 55, 56, 57. Accordingly, the district court did not look

18

beyond the pleadings in consulting the Article. *See EEOC v. St. Francis Parochial Sch.,* 117 F.3d 621, 624 (D.C. Cir. 1997) (documents referenced in a complaint are incorporated into the complaint).

> 3.   *In any event, the district court would not have erred if it had looked beyond the pleadings in dismissing this matter on jurisdictional grounds.*

Even if Klayman had not incorporated the Gerstein Article in his complaint, the district court would have been well within its authority to look outside the pleadings in determining as a threshold matter whether it had power to consider Klayman's damages claims. The court dismissed this suit on immunity grounds. As Klayman agrees (at 12), that threshold issue may be resolved under Federal Rule of Civil Procedure 12(b)(1). *See, e.g. Jam v. International Fin. Corp.*, 3 F.4th 405, 411 (D.C. Cir. 2021) (analyzing district court's motion to dismiss for lack of subject-matter jurisdiction on immunity grounds); *Porter,* 2022 WL 3715755, at *9 n.7 ("[T]he Court ultimately concludes that absolute immunity ***preclude[s] the Court from exercising subject-matter jurisdiction."). And when deciding whether to dismiss an action under Rule 12(b)(1), a court can look beyond the pleadings to whatever extent necessary to assure itself of its own authority. *Scolaro v. District Of Columbia Bd. Of*

*Elections & Ethics,* 104 F. Supp. 2d 18, 22 (D.C. Cir. 2000); *see also Jerome Stevens Pharma., Inc. v. Food & Drug Admin.,* 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction[.]").

Here, the district court had to determine whether the complained-of conduct—in this case, making the comments reported in the Gerstein Article—occurred in the course of Defendants' official duties. *See* ECF No. 19 at 5. To the extent the context in which the comments were made was not clear on the face of the complaint, the district court necessarily looked to Gerstein's Article—where the supposedly defamatory comments were published—to decide whether the Defendants were speaking in their official capacities. The Article makes clear that every comment Klayman cites in his complaint was made by Defendants in their roles as ODC and Board members over the course of the two-day disciplinary hearing. Under this Court's binding precedent, even if the Article had not been incorporated by reference, the district court would have been authorized to seek out that information—which resolved the

threshold question at issue in this 12(b)(1) dismissal—to determine whether it could adjudicate the merits of this case.

## II.  THE COURT CAN AFFIRM THIS DISMISSAL ON ALTERNATE GROUNDS.

The Court should affirm the dismissal of Klayman's claims on the basis of absolute immunity under the D.C. Bar Rules and quasi-judicial immunity for acts within the official duties of D.C. Bar officials.  If the Court disagrees, however, it may affirm on additional grounds not reached by the district court.  *See Citizens for Resp. & Ethics in Wash. v. Office of Admin.*, 566 F.3d 219, 225 (D.C. Cir. 2009) ("We may affirm on different grounds the judgment of a lower court if it is correct as a matter of law." (internal quotation marks omitted)).

### A.  The Challenged Statements Cannot Constitute Defamation.

#### 1.  *The statements were made in the course of judicial proceedings.*

Beyond Defendants' immunity against damages claims based on acts taken in the course of their official duties, Defendants also have immunity specific to the claims for defamation, because all of the allegedly defamatory statements were made in the course of a judicial proceeding.  When "an attorney participates as counsel" in a judicial

proceeding, he or she "is protected by an absolute privilege to publish false and defamatory matter of another so long as it has some relation to the proceeding." *United States v. Hurt*, 543 F.2d 162, 167 (D.C. Cir. 1976). This is justified by the "need for completely free speech for litigants," and "this freedom is not to be endangered by subjecting parties to the burden of defending their motives in subsequent (defamatory) litigation." *Id.*

As discussed, pp. 13-14, *supra*, "D.C. Bar disciplinary proceedings are judicial proceedings." *Klayman I*, 2019 WL 2396538, at *11 (citing *Simons*, 643 F.2d 779-782). And the only challenged statements in Klayman's complaint were undisputedly made in a disciplinary hearing. Compl. ¶36. Defendants are therefore immune from the defamation claims.

### 2. The challenged statements are protected by the fair report privilege.

There can be no claim for defamation here for the additional reason that the challenged statements are covered by the fair report privilege, as all allegedly defamatory statements were included in the Gerstein Article. This doctrine applies to protect any "report 'of any official proceeding, or any action taken by any officer or agency of government.'"

*White v. Fraternal Order of Police*, 909 F.2d 512, 527 (D.C. Cir. 1990) (quoting RESTATEMENT (SECOND) OF TORTS § 611, cmt. D (1977)). It allows publication without liability for defamation of "fair and accurate reports of governmental proceedings" if the reports are "published for the purpose of informing the public as to a matter of public concern." *Shipkovitz v. The Wash. Post Co.*, 571 F. Supp. 2d 178, 183 (D.D.C. 2008), *aff'd*, 408 F. App'x 376 (D.C. Cir. 2010) (fair report doctrine applied to article where much of allegedly defamatory description was "taken directly from court pleadings").

The Gerstein Article that forms the basis of Klayman's defamation claims is "a report on—or the summary of—an official document or proceeding." *Shipkovitz*, 571 F. Supp. 2d at 185. The challenged statements originated from public sources: As Klayman explains, the disciplinary proceedings reported on, including "sworn hearing testimony" quoted or characterized, were "publically available." Compl. ¶ 53. That Klayman disagrees with the substance of statements made during the proceedings does not render the Gerstein Article an "[un]fair" or "[in]accurate" account of the testimony. *See Shipkovitz*, 571 F. Supp. 2d at 183.

**B.     Klayman does not allege adequate facts to support his claims.**

Additionally, the Court may affirm on the basis that Klayman failed to allege facts sufficient to state a claim for defamation against any Defendant.  *See* FED. R. CIV. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  A plaintiff claiming defamation must allege several elements, including, *inter alia*, "(1) that the defendant made a false and defamatory statement concerning the plaintiff" with the requisite intent, and "(2) that the defendant published the statement without privilege to a third party[.]" *Jankovic v. International Crisis Grp.*, 494 F.3d 1080, 1088 (D.C. Cir. 2007).

Klayman fails to allege a false and defamatory statement by any Defendant.  Most of Klayman's allegations attack passages of the Gerstein Article that are characterizations that Gerstein (or Politico) made, rather than any statements by Defendants themselves.  *See, e.g.*, Compl. ¶¶ 32-33 (Klayman "forc[ed] [Clinton] aides into bizarre, almost postmodern depositions"); Compl. ¶¶ 33-34 (Klayman was "thrilled" to have inspired a character on the "West Wing"); Compl. ¶ 54 (Klayman

24

"seemed to lament *** what he called 'the age of the politics of personal destruction'"); Compl. ¶¶ 29, 31 (Klayman "has predicted his own demise"). For example, Klayman points to "[t]he title to the column by *** Gerstein," which labels him a "Conservative Gadfly," and to the "subparagraph" stating that he "pioneered slash-and-burn legal tactics that have become the feature of American politics," to support his allegation that the Article is defamatory. Compl. ¶ 29. But that high-level framing of the "theme" of the Article, *id.*, cannot be attributed to Defendants.

As to statements Klayman does attribute to Defendants, such as an assertion that "the record is mounting that Klayman is unfit to practice law," Compl. ¶ 18, he does not provide any basis to allege that the statements are not "substantially true." *Armstrong v. Thompson*, 80 A.3d 177, 183-184 (D.C. 2013). Nor does he have a basis for alleging that Defendants failed "to make a reasonable investigation as to truth," *Kendrick v. Fox Television*, 659 A.2d 814, 822 (D.C. 1995), much less that Defendants acted with the "actual malice" required for a defamation claim by a public figure like Klayman, *Klayman v. Judicial Watch, Inc.*, 628 F. Supp. 2d 112, 153-154 (D.D.C. 2009) (finding Klayman is a public

figure in defamation litigation as a result, in part, of his "own repeated assertions that he is a celebrity."); *see* Compl ¶¶ 3, 54, 71 (describing himself as a lawyer, "author, columnist and syndicated radio talks show host," the President and General Counsel of an organization, who has had a "storied" career, and who is known for "his conservative and pro-Trump ideology."). The ongoing disciplinary proceeding that is the focus of the Gerstein Article was the result of Defendants' reasonable investigation into disciplinary complaints. That Klayman disagrees with the underlying basis for the quoted statements does not make them false, defamatory, or malicious.[4]

In any event, Klayman also fails to plead facts plausibly supporting an allegation that Defendants "published or knowingly participated in publishing" the Gerstein Article. *Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 273 (D.D.C. 2017) (emphasis omitted) (quoting *Tavoulareas v. Piro*, 759 F.2d 90, 136 (D.C. Cir. 1985) *vacated in part on*

---

[4] In fact, while the disciplinary proceeding that is the focus of the Gerstein Article remains ongoing, the D.C. Court of Appeals has publicly issued orders in other proceedings imposing discipline on Klayman for violations of his ethical duties. *See* Op., *In re Klayman*, No. 20-BG-583 (D.C. Sept. 15, 2022) (18-month suspension with a fitness requirement); *In re Klayman*, 228 A.3d at 720 (90-day suspension).

*other grounds on reh'g*, 763 F.2d 1472 (D.C. Cir. 1985)*, and on reh'g*, 817 F.2d 762 (D.C. Cir. 1987))).  An allegation that a defendant "caused [a defamatory] report to be published," without more, does not satisfy the publication requirement.  *See Mattiaccio v. DHA Grp.*, Inc., 908 F. Supp. 2d 136, 138-139 (D.D.C. 2012) (alteration omitted).  Here, Klayman's complaint is just that—bare speculation that Defendants caused the Gerstein Article to be published.  *See*, *e.g.*, Compl. ¶ 10 (stating without factual support that the Gerstein Article was published at the "direction" of Defendants); Compl. ¶¶ 11, 14, 21 (stating "on information and belief" that the article was written "at the direction of Defendants").

"[T]he complained-of comments in the [A]rticle were made *** on the record during the two-day disciplinary hearing."  ECF No. 19, at 5.  And Klayman himself explains that the disciplinary proceeding was "publically available."  Compl. ¶ 53.  There is no non-speculative basis to assume that Defendants acted in concert with Gerstein to publish a report that is based entirely on publicly sourced materials.

For these reasons—as well as Klayman's failure to allege a factual basis for any of the other elements of his three defamation claims—the judgment below should be affirmed even if Defendants were not already

absolutely immune from damages suits and if their statements made

during disciplinary proceedings were not already protected.

## CONCLUSION

For the reasons stated above, the Court should affirm.

Respectfully submitted,

*/s/ Mark J. MacDougall*

| | |
|---|---|
| Preston Burton | Mark J. MacDougall |
| Jackson Hagen | Caroline L. Wolverton |
| ORRICK, HERRINGTON & | Lide E. Paterno |
| SUTCLIFFE LLP | AKIN GUMP STRAUSS HAUER & |
| 2001 M Street, NW, Suite 500 | FELD LLP |
| Washington, DC 20036 | 2001 K Street NW |
| (202) 349-8000 | Washington, D.C. 20006 |
| | (202) 887-4000 |
| | mmacdougall@akingump.com |

*Counsel for Defendant-Appellee*          *Counsel for Defendant-Appellees*
*Matthew Kaiser*                          *Julia Porter, Hamilton P. Fox, III, and*
                                          *Lawrence Bloom*

Dated: August 10, 2023

## CERTIFICATE OF COMPLIANCE

The brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) and D.C. Cir. R. 28(c) because this brief contains 5,282 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(g).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook 14-point font.

Dated:      August 10, 2023

*/s/ Mark J. MacDougall*
Mark J. MacDougall

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on August 10, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Mark J. MacDougall*
Mark J. MacDougall

**ADDENDUM**

**ADDENDUM**
**TABLE OF CONTENTS**

District of Columbia Bar Rule XI, Disciplinary Proceedings
    § 6(a)............................................................................ Add. 1
    § 19(a).......................................................................... Add. 3

**DISTRICT OF COLUMBIA BAR**
**RULE XI. DISCIPLINARY PROCEEDINGS**

**SECTION 6.  DISCIPLINARY COUNSEL**

(a) Powers and duties. Disciplinary Counsel shall have the power and duty:

"(1) To employ and supervise such staff as may be necessary for the performance of Disciplinary Counsel's duties, subject to budget limitations established by the Board.

(2) To investigate all matters involving alleged misconduct by an attorney subject to the disciplinary jurisdiction of this Court which may come to the attention of Disciplinary Counsel or the Board from any source whatsoever, where the apparent facts, if true, may warrant discipline. Except in matters requiring dismissal because the complaint is clearly unfounded on its face or falls outside the disciplinary jurisdiction of the Court, no disposition shall be recommended or undertaken by Disciplinary Counsel until the accused attorney shall have been afforded an opportunity to respond to the allegations.

(3) Upon prior approval of a Contact Member, to dispose of all matters involving alleged misconduct by an attorney subject to the disciplinary jurisdiction of the Court, by dismissal or informal admonition or by referral of charges; or upon prior approval of a member of the Board on Professional Responsibility, by diversion; or by negotiated disposition.

(4) To prosecute all disciplinary proceedings before Hearing Committees, the Board, and the Court. When appearing before the Court, Disciplinary Counsel may, after notice to the Board, argue for a disposition other than that contained in the report and recommendation of the Board.

(5) To appear at hearings on petitions for reinstatement of suspended or disbarred attorneys, to examine witnesses testifying in support of

such petitions, and to present available evidence, if any, in opposition thereto.

(6) To maintain permanent records of all matters processed and the disposition thereof, except that files of cases which have been dismissed may be destroyed after ten years.

(7) To file with the Court and the Board certificates of convictions of attorneys convicted of crimes, and certified copies of disciplinary orders concerning attorneys issued in other jurisdictions.

(8) To submit to the Court at regular intervals, at least twice a year, a list of cases resulting in informal admonitions by Disciplinary Counsel or reprimands by the Board."

\* \* \*

Add. 2

**DISTRICT OF COLUMBIA BAR**
**RULE XI. DISCIPLINARY PROCEEDINGS**

**SECTION 19.  MISCELLANEOUS MATTERS**

(a) Immunity. Complaints submitted to the Board or Disciplinary Counsel shall be absolutely privileged, and no claim or action predicated thereon may be instituted or maintained. Members of the Board, its employees, members of Hearing Committees, Disciplinary Counsel, and all assistants and employees of Disciplinary Counsel, all persons engaged in counseling, evaluating or monitoring other attorneys pursuant to a Board or Court order or a diversion agreement, and all assistants or employees of persons engaged in such counseling, evaluating or monitoring shall be immune from disciplinary complaint under this rule and from civil suit for any conduct in the course of their official duties.

* * *